**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FILED
SEP 14 2004
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

MICHAEL CHARLES WARD, 138267

    Petitioner,

v.

HUGH WOLFENBARGER,

    Respondent,
_____/

Civil Nos. 03-CV-72701/72858-DT
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION AND GRANTING AN UNCONDITIONAL WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTIONS FOR THE APPOINTMENT OF COUNSEL AND FOR SUMMARY JUDGMENT, AND DENYING RESPONDENT'S MOTION FOR STAY PENDING APPEAL.[1]

On June 30, 2004, this Court granted a writ of habeas corpus to petitioner, on the ground that he had been deprived of his right to appeal and his Sixth Amendment right to appellate counsel on his 1971 convictions for possession of marijuana and possession of lysergic acid diethylamide (LSD), because of the state trial court's failure to advise petitioner that he had a right to appeal these convictions and that he had a right to the appointment of appellate counsel if he was indigent. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 828-30 (E.D.

---

[1] Staff Attorney Daniel H. Besser provided quality research assistance.

1

*Ward v. Wolfenbarger*, 03-72702/72858-DT

Mich. 2004). The Court conditioned the granting of the writ upon respondent taking immediate action to afford petitioner an appeal of right to the Michigan Court of Appeals with the assistance of appellate counsel. *Id.*

Petitioner has now filed a motion for reconsideration and/or clarification of the Court's opinion and order. Petitioner has also filed a motion for the appointment of counsel and for summary judgment. Respondent has filed a motion for stay pending appeal. For the reasons stated below, petitioner's motion for reconsideration shall be granted in part and the Court will order that an unconditional writ of habeas corpus issue in his case. The Court will deny petitioner's motion for the appointment of counsel as moot and will deny his motion for summary judgment as being duplicative of the relief that he is seeking in his motion for reconsideration. The Court will deny respondent's motion for stay pending appeal.

**A. Petitioner's motion for reconsideration will be granted in part.**

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Hence v. Smith*, 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999(*citing* L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues

2

*Ward v. Wolfenbarger*, 03-72702/72858-DT

ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Id.*

In his motion for reconsideration, petitioner requests that this Court alter or amend the original judgment by setting a specific deadline for the State of Michigan to afford him an appeal of right with the Michigan Court of Appeals. Petitioner also claims that this Court should have reached the merits of his constitutional challenges to his 1971 convictions and order expungement of these convictions, as well as an underlying arrest for carrying a concealed weapon, claiming, as he did in his original petiton, that these convictions and his arrest are being used to deny him parole on his 1981 conviction for possession with intent to deliver 650 or more grams of cocaine. Petitioner claims that he is suffering prejudicial delay from this Court's failure to expunge his 1971 convictions and his arrest for carrying a concealed weapon from his records.

Upon review of the original judgment in this case, this Court believes that it erred in granting a conditional writ of habeas corpus, rather than an unconditional writ of habeas corpus, in light of the prejudice that petitioner would receive from further delays in adjudicating his claims in the state appellate courts. 28 U.S.C. § 2243 authorizes federal courts to dispose of habeas corpus matters "as law and justice require". One court has noted that: "[T]here is no absolute requirement that the [federal district] court delay issuance of a final writ until after the state has

3

*Ward v. Wolfenbarger*, 03-72702/72858-DT

been afforded a specific period of time in which to re-try the petitioner." See *Latzer v. Abrams*, 615 F. Supp. 1226, 1227 (E.D.N.Y. 1985). In *Hannon v. Maschner*, 981 F. 2d 1142, 1144-45 (10th Cir. 1992), the Tenth Circuit held that after finding that the habeas petitioner lost his opportunity to file a direct appeal in the state courts due to the ineffective assistance of appellate counsel, the district court did not abuse its discretion in granting an unconditional writ of habeas corpus, where 33 years had elapsed since petitioner's conviction. In so ruling, the Tenth Circuit noted that merely affording petitioner a new direct appeal "would not vitiate the prejudice to the petitioner from the denial of direct appellate review." *Id.*

Petitioner's case is virtually identical to the petitioner's case in *Hannon*. Petitioner was deprived of his Sixth Amendment right to the assistance of counsel on appeal when he was not advised on the record by the state trial court of his right to appeal or his right to the appointment of appellate counsel. *Ward v. Wolfenbarger*, 323 F. Supp. 2d at 829. Thirty three years have elapsed since the time of petitioner's conviction. Because of this substantial delay, there is no way that affording petitioner a new appeal of right with the Michigan Court of Appeals will vitiate any prejudice arising from the denial of petitioner's right to appeal his 1971 convictions. This is especially so in light of the fact that these 1971 convictions are being used, in part, to deny petitioner parole release on his 1981

4

*Ward v. Wolfenbarger*, 03-72702/72858-DT

conviction. Respondent has indicated in her motion for a stay pending appeal that the Michigan Parole Board has scheduled a public hearing to determine whether petitioner should be released on parole on September 23, 2004. It is highly unlikely that any appeal of right could be heard on petitioner's convictions in the Michigan Court of Appeals prior to that date.

In light of the passage of time in this case, this Court concludes that it erred in granting conditional habeas relief to petitioner and determines that justice would be better served by issuing an unconditional writ of habeas corpus in this case. Merely granting petitioner a new appeal of right to the Michigan Court of Appeals will not vitiate the prejudice arising from the deprivation of his constitutional right to appeal and to appellate counsel on his 1971 convictions.

The question for the Court is what the appropriate habeas remedy would be in this case. Petitioner's sentences on his 1971 convictions have expired, so there is no way the Court can order his release from incarceration on these convictions. Petitioner, however, claims that these convictions have been used by the Michigan Parole Board to deny him parole release on his 1981 conviction for possession with intent to deliver 650 or more grams of cocaine. A federal habeas court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). A federal district court has the authority, in a habeas corpus proceeding, to order the expungement of a

5

*Ward v. Wolfenbarger*, 03-72702/72858-DT

habeas petitioner's criminal records against all persons who maintain custody of such records. *See Grandison v. Warden, Maryland House of Correction*, 423 F. Supp. 112, 116 (D. Md. 1976). In this case, although petitioner's 1971 convictions are constitutionally invalid, petitioner is not entitled to be released from custody, in light of the fact that he has served his sentences on these convictions and is not directly challenging the constitutionality of his 1981 conviction for which he remains incarcerated. Petitioner is, however, entitled to have these 1971 convictions and all of the effects stemming from them completely expunged from his record. *See United States ex. rel. Gauthreaux v. State of Ill. Pardon and Parole Bd.*, 447 F. Supp. 600, 603-04 (N.D. Ill. 1978).

Accordingly, the judgment of conviction against petitioner for the offenses of possession of LSD and possession of marijuana from the Huron County Circuit Court from January 20, 1971 is vacated and the record of conviction shall be expunged. *See Severson v. Duff*, 322 F. Supp. 4, 10 (M.D. Fla. 1970). The Clerk of the Circuit Court of Huron County, Michigan shall forward a copy of this Court's order to any person or agency that was notified of petitioner's arrest or conviction involved with these offenses. *Id.* at 10-11. A certificate of compliance shall be filed with this Court within 30 days of the receipt of this order. *Id.*

This Court declines, however, to order the expungement of petitioner's arrest for carrying a concealed weapon, because petitioner was never convicted

6

*Ward v. Wolfenbarger*, 03-72702/72858-DT

of this offense. A state is not constitutionally required to expunge an arrest record. *See Bird v. Summit County, Ohio*, 730 F. 2d 442, 443 (6th Cir. 1984)(internal citations omitted). Accordingly, petitioner is not entitled to habeas relief on this part of his claim.

In light of the fact that the Court is granting petitioner an unconditional writ in this case, the Court will deny petitioner's motion for the appointment of counsel as being moot and will likewise deny the motion for summary judgment as being duplicative of the relief that petitioner requested in his motion for reconsideration.

### B. The Court will deny respondent's motion to stay proceedings.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. at 774; *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); *Burdine v. Johnson*, 87 F. Supp. 2d 711 (S.D. Tex. 2000); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776. The factors regulating the issuance of a stay are:

(1) whether the stay applicant has made a strong showing that he is

7

*Ward v. Wolfenbarger*, 03-72702/72858-DT

likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to stay an order granting relief to a habeas petitioner, pending the state's appeal, federal courts are not restricted to consider only the petitioner's risk of flight, but are authorized to consider traditional stay factors, including the risk that petitioner would pose a danger to the public if released, the state's interest in continuing custody and rehabilitation of the petitioner, the interest of the habeas petitioner in his or her release pending appeal, and the likelihood of the state's success on the merits of the appeal. *Hilton v. Braunskill*, 481 U.S. at 777. The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where these factors are the weakest. *Id.* at 777-78. The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the state's prospects of success in its appeal. *Hilton*, 481 U.S. at 778; *Workman*, 958 F. 2d at 166. Where the state fails to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the preference for release of the petitioner should control. *Hilton*, 481 U.S. at 778.

8

*Ward v. Wolfenbarger*, 03-72702/72858-DT

Although this Court normally grants a respondent's motion for stay of proceedings pending the appeal of an order granting a writ of habeas corpus, the Court declines to do so in this case. First, and most importantly, the respondent is not entitled to a stay of proceedings pending appeal because he has failed to show either a strong likelihood of success on appeal or that he has a substantial case on the merits. *Franklin v. Duncan*, 891 F. Supp. 516, 519-20 (N.D. Cal. 1995); *Dhine v. District Director*, 822 F. Supp. 1030, 1031-32 (S.D.N.Y. 1993). Although respondent contends in his motion that he has a reasonable likelihood of prevailing on the merits of the appeal, he has offered no case law in support of his argument. Because respondent has failed to offer any case law in support of his motion to stay the proceedings, respondent has waived his argument on this issue. *See United States ex. rel. Hindi v. Warden of McHenry County Jail*, 82 F. Supp. 2d 879, 883 (N.D. Ill. 2000)(argument for which respondent in habeas proceeding cited no supporting case law was waived and would not be addressed by district court).

Secondly, respondent is not entitled to the issuance of a stay, because he has failed to show, much less argue, that he would be irreparably injured in the absence of a stay or that there would be any risk of harm to the public interest if a stay was not issued in this case. *See Spain v. Podrebarac*, 68 F. 3d 1246, 1247 (10th Cir. 1995).

9

*Ward v. Wolfenbarger*, 03-72702/72858-DT

Finally, petitioner would suffer irreparable harm each day that he would remain imprisoned in violation of the U.S. Constitution. Because "remedying such harm is the very essence of the writ of habeas corpus", *Burdine v. Johnson*, 87 F. Supp. 2d at 717, respondent is not entitled to the issuance of a stay pending appeal.

### ORDER

IT IS HEREBY ORDERED THAT Petitioner's Motion for Reconsideration is GRANTED IN PART.

IT IS FURTHER ORDERED THAT Petitioner's 1971 convictions for Possession of LSD and Possession of Marijuana be expunged from his records by the Clerk of the Circuit Court for Huron County, Michigan in accordance with the terms outlined in this opinion.

IT IS FURTHER ORDERED THAT Petitioner's Motions for the Appointment of Counsel and for Summary Judgment are DENIED.

IT IS FURTHER ORDERED THAT Respondent's Motion for a Stay Pending Appeal is DENIED.

_____
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: SEP 1 4 2004

PURSUANT TO RULE 77(d), FRCivP
COPIES HAVE BEEN MAILED TO ALL
ATTORNEYS FOR ALL PARTIES ON
SEP 1 4 2004

_____
DEPUTY CLERK

10