UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,

v.

HUGH WOLFENBARGER,

    Respondent,
_____/

Civil Nos. 03-CV-72701/72858-DT
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE EMERGENCY MOTIONS TO RE-OPEN CASE AND FOR SUMMARY JUDGMENT

Michael Charles Ward, ("petitioner"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed an emergency motion to re-open his earlier habeas case, a supplement to the motion to re-open, and a motion for judgment on the pleading. Petitioner seeks enforcement of this Court's order of September 13, 2004 which granted petitioner habeas relief on his 1971 convictions for possession of marijuana, M.C.L.A. 335.153; and possession of lysergic acid diethylamide (LSD), M.C.L.A. 335.341(4)(C) and ordered that these two convictions be expunged from his record. On February 13, 2007, this Court ordered respondent to show cause for failing to comply with the Court's order. On March 6, 2007, respondent filed a response to the order to show cause. Petitioner has filed a reply to the order to show cause. For the reasons stated below, petitioner's motions to re-open the case and for summary judgment are denied.

1

*Ward v. Wolfenbarger,* 03-72701/72858

This Court originally granted a writ of habeas corpus to petitioner, on the ground that he had been deprived of his right to appeal and his Sixth Amendment right to appellate counsel on his 1971 convictions, because of the state trial court's failure to advise petitioner that he had a right to appeal these convictions and that he had a right to the appointment of appellate counsel if he was indigent. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich. 2004). The Court conditioned the granting of the writ upon respondent taking immediate action to afford petitioner an appeal of right to the Michigan Court of Appeals with the assistance of appellate counsel. *Id.*

On September 14, 2004, the Court granted Petitioner's motion for reconsideration and ordered that an unconditional writ of habeas corpus issue in this case. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773 (E.D. Mich. 2004). In granting the motion for reconsideration, this Court believed that it erred in granting a conditional writ of habeas corpus, rather than an unconditional writ of habeas corpus, in light of the prejudice that petitioner would have received from any further delays in adjudicating his claims in the state appellate courts. The Court noted that Petitioner had been deprived of his Sixth Amendment right to the assistance of counsel on appeal when he was not advised on the record by the state trial court of his right to appeal or his right to the appointment of appellate counsel. Thirty three years have elapsed since the time of petitioner's conviction. Because of this substantial delay, this Court determined that there was no way that affording petitioner a new appeal of right with the Michigan Court of Appeals would vitiate any prejudice arising from the denial of petitioner's right to appeal his 1971 convictions. *Id.* at 775-76.

*Ward v. Wolfenbarger,* 03-72701/72858

Because petitioner's sentences on his 1971 convictions had expired, the Court declined to order his release from incarceration on these convictions. Instead, the Court determined that petitioner was entitled to have these 1971 convictions and all of the effects stemming from them expunged from his record. *Ward,* 340 F. Supp. 2d at 776-77. The Court vacated the judgment of conviction against petitioner for the offenses of possession of LSD and possession of marijuana from the Huron County Circuit Court from January 20, 1971 and ordered that the record of conviction be expunged. *Id.* The Court further ordered the Clerk of the Circuit Court of Huron County, Michigan to forward a copy of this Court's order to any person or agency that was notified of petitioner's arrest or conviction involved with these offenses. *Id.*

Petitioner has now filed the instant motions, in which he alleges that the State of Michigan has failed to fully comply with this Court's original opinion and order from September 13, 2004, which ordered that these convictions be expunged from his record. Although petitioner acknowledges that the Huron County Circuit Court Clerk complied with the Court's order and that the convictions have been expunged from his record, petitioner claims that the Michigan Department of Corrections [M.D.O.C.] is still using these convictions to deny him parole, as well as to adversely affect his placement in various prison programs. Petitioner claims that the M.D.O.C. has informed him that although these convictions have been expunged from petitioner's record, they are maintained in a confidential record.

In his response to the order to show cause, respondent contends that the State of Michigan has complied with the terms of the Court's order by expunging petitioner's

3

*Ward v. Wolfenbarger,* 03-72701/72858

1971 criminal convictions from petitioner's records. The only documents related to petitioner's 1971 convictions are maintained in an expungement file which are kept by the M.D.O.C. to monitor the M.D.O.C.'s compliance with the Court's order. The various prisons and the Michigan Parole Board do not have access to this file.

A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.,* 53 F. 32d 859, 861 (7th Cir. 1995). When the state fails to cure the error, i.e., when it fails to comply with the conditions of grant of conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *See Satterlee v. Wolfenbarger,* 453 F. 3d 362, 369 (6th Cir. 2006); *cert. den.* ---- S. Ct.----; 2007 WL 121562 (U.S. March 19, 2007).

In the present case, petitioner has failed to show that respondent failed to comply with the Court's order that petitioner's 1971 convictions be expunged from the records. Petitioner has offered this Court nothing other than speculation that the Parole Board has used his prior 1971 convictions as a basis for revoking his parole or that these prior convictions are being used to deny petitioner placement in various prison programs. In fact, the Parole Board granted parole to petitioner after the decision. Accordingly, petitioner's motions for the enforcement of the Court's order will be denied. The Court will also deny petitioner's related motion for bond, in light of the fact that petitioner has failed to show that respondent failed to comply with the Court's order.

*Ward v. Wolfenbarger,* 03-72701/72858

Accordingly, the motion to reopen the case [Dkt. Entry # 46], the supplement to the motions to reopen [Dkt. Entry # 47 and 55], the motion for summary judgment [Dkt. Entry # 54], and the motion for bond [Dkt. Entry # 56] are all DENIED.

<div style="margin-left:40%">

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

</div>

Dated:  March 29, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2007, by electronic and/or ordinary mail.

<div style="margin-left:40%">

s/Catherine A. Pickles
Judicial Secretary

</div>