UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,

v.

HUGH WOLFENBARGER,

    Respondent,
_____/

Civil Nos. 03-CV-72701/72858-DT (03-72858)
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

FILED
DEC - 7 2007
CLERK'S OFFICE
DETROIT

## OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Michael Charles Ward, ("petitioner"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed an emergency motion to re-open his earlier habeas case, a supplement to the motion to re-open, and a motion for judgment on the pleading. Petitioner sought enforcement of this Court's order of September 13, 2004 which granted petitioner habeas relief on his 1971 convictions for possession of marijuana, M.C.L.A. 335.153; and possession of lysergic acid diethylamide (LSD), M.C.L.A. 335.341(4)(C) and ordered that these two convictions be expunged from his record. On March 29, 2007, this Court denied petitioner's motions to re-open the case and for summary judgment.

On October 23, 2007, this Court denied petitioner's motion for reconsideration. Petitioner has now filed a motion for a certificate of appealability and a request to proceed *in forma pauperis* on appeal. For the reasons stated below, the motion for a certificate of appealability is DENIED. The Court will grant petitioner leave to appeal *in*

1

*forma pauperis.*

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(A). In order to issue a certificate of appealability, the district court must find that the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

The Court will deny petitioner a certificate of appealability, because petitioner failed to show that respondent failed to comply with the Court's order that petitioner's 1971 convictions be expunged from the record. Reasonable jurists would therefore not disagree with this Court's denial of petitioner's requests to re-open his habeas petition, nor would they believe that the issues presented are adequate to deserve encouragement to proceed further.

Although this Court has denied a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right,

a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion for a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for leave to appeal *in forma pauperis* is **GRANTED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: December 7, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

3