UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,                         Civil Nos. 03-CV-72701-DT and 03-72858-DT
                                             HONORABLE ARTHUR J. TARNOW
v.                                             UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION TO REOPEN THE CASE, THE
MOTION FOR RECONSIDERATION, THE MOTION FOR AN ORDER REQUIRING
PETITIONER'S RETURN TO A PRISON IN THE EASTERN DISTRICT OF MICHIGAN,
AND THE MOTION FOR BOND REDUCTION**

Michael Charles Ward, ("petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed an emergency motion to re-open his earlier habeas case, a supplement to the motion to re-open, and a motion for judgment on the pleading. Petitioner sought enforcement of this Court's order of September 13, 2004 which granted petitioner habeas relief on his 1971 convictions for possession of marijuana, M.C.L.A. 335.153; and possession of lysergic acid diethylamide (LSD), M.C.L.A. 335.341(4)(c) and ordered that these two convictions be expunged from his record.

On March 29, 2007, this Court denied petitioner's motions to re-open the case and for summary judgment. On October 23, 2007, this Court denied petitioner's motion for reconsideration. On December 7, 2007, the Court denied petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis.* On December 27,

1

2007, this Court denied petitioner's motion for reconsideration of the Court's order denying him a certificate of appealability.

Petitioner subsequently filed an emergency "ex parte" motion to show cause the respondents why they should not be held in contempt of court and a related justified motion for an opinion and order finding respondent's agent to be in contempt of court, in which he again sought enforcement of this Court's order of September 13, 2004. On April 18, 2008, this Court denied petitioner's ex parte motion to show cause and justified motion for opinion and order finding respondent's agent in contempt of court. On March 12, 2010, this Court denied petitioner's motion for reconsideration of that decision.

On August 17, 2009, the Sixth Circuit affirmed this Court's decision denying petitioner permission to reopen his habeas petition. *See Ward v. Wolfenbarger,* 342 Fed. Appx. 134 (6th Cir. 2009); *cert. den.* 130 S. Ct. 1291 (2010). Petitioner has now filed another motion to re-open the petition for writ of habeas corpus, in which he yet again seeks the issuance of an unconditional writ of habeas corpus, based upon respondent's alleged failure to comply with the Court's conditional writ. Petitioner has also filed a motion for reconsideration of the Court's March 12, 2010 order denying his earlier motion for reconsideration. Petitioner has also filed a motion for an order for him to be returned to a prison located in the United States District Court for the Eastern District of Michigan. Lastly, petitioner has filed a motion for bond reduction. For the reasons stated below, the motions are DENIED.

A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. *Phifer v. Warden, U.S.*

*Penitentiary, Terre Haute, Ind.,* 53 F. 32d 859, 861 (7th Cir. 1995). When the state fails to cure the error, i.e., when it fails to comply with the conditions of grant of conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *See Satterlee v. Wolfenbarger,* 453 F. 3d 362, 369 (6th Cir. 2006). "[T]he conditional nature of the writ also places within the district court the power to determine that its order has been substantially complied with and release is not warranted." *Ward,* 342 Fed. Appx. at 137 (*quoting McKitrick v. Jeffreys*, 255 Fed.Appx. 74, 76 (6th Cir. 2007)).

Petitioner has again failed to show that respondent failed to comply with the Court's order that petitioner's 1971 convictions be expunged from the records. Petitioner has yet again offered this Court "nothing other than speculation" that the Michigan Parole Board took into account the vacated 1971 convictions in a way that prejudiced his shot at parole. *Ward*, 342 Fed. Appx. at 137. Petitioner's self-serving affidavit that he was told by a parole board member that the Michigan Parole Board used his expunged 1971 convictions to deny him parole is an insufficient basis to grant an unconditional writ of habeas corpus. Moreover, to the extent that petitioner is challenging the Michigan Parole Board's decision to deny him parole release on his 1981 conviction for possession with intent to deliver over 650 grams of cocaine, he should challenge that parole denial by means of a separate habeas petition. Accordingly, the motion to reopen the habeas petition is DENIED.

The Court will also deny petitioner's renewed motion for reconsideration. U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A

*Ward v. Wolfenbarger,* 03-72701/72858

motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith,* 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's prior motion for reconsideration from the denial of his ex parte motion to show cause and his justified motion for opinion and order finding respondent's agent in contempt of court. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

Petitioner has also filed a motion to be transferred back to a prison that is located in the Eastern District of Michigan. In support of his motion, petitioner cites to Fed. R. App. P. 23(a).

Fed. R.App. P. 23(a) states:

"Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party."

*Ward v. Wolfenbarger,* 03-72701/72858

motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith,* 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's prior motion for reconsideration from the denial of his ex parte motion to show cause and his justified motion for opinion and order finding respondent's agent in contempt of court. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

Petitioner has also filed a motion to be transferred back to a prison that is located in the Eastern District of Michigan. In support of his motion, petitioner cites to Fed. R. App. P. 23(a).

Fed. R.App. P. 23(a) states:

"Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party."

*Ward v. Wolfenbarger,* 03-72701/72858

Relief for a violation of Fed.R.App. P. 23(a), however, is available only if a habeas petitioner establishes that a transfer resulted in prejudice to the prosecution of a pending habeas action. *See Shabazz v. Carroll*, 814 F. 2d 1321, 1324 (9th Cir. 1987), *vacated in part on other grounds*, 833 F. 2d 149 (9th Cir. 1987); *Hammer v. Meachum*, 691 F. 2d 958, 961 (10th Cir. 1982). In addition, a habeas petitioner who opposes transfer must establish that "the transfer would deprive the court of jurisdiction or substantially complicate the conduct of the litigation." *See Strachan v. Army Clemency Parole Bd.,* 151 F. 3d 1308, 1313 (10th Cir. 1998)(*quoting Ward v. United States Parole Comm'n*, 804 F. 2d 64, 66 (7th Cir. 1986)).

The Court will deny the motion to transfer, because petitioner has failed to show that his transfer to a prison in the Western District of Michigan has deprived this Court of jurisdiction over his case or has otherwise prejudiced him.

The Court will lastly deny petitioner's motion for bond reduction. In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice*. Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. In light of the fact that petitioner failed to establish that he would prevail

on the merits of his claims, he is not entitled to release on bail. *See e.g. Greenup v. Snyder,* 57 Fed. Appx. 620, 621-22 (6th Cir. 2003).

**ORDER**

Based upon the foregoing, IT IS ORDERED that the motion to reopen the case [Dkt. # 94], the motion for an order requiring movant's return to a state prison facility in the Eastern District, Southern Division [Dkt. # 95], the motion for reconsideration [Dkt. # 99], and the motion for bond reduction [Dkt. # 102] are **DENIED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: September 20, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 20, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary