**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL CHARLES WARD,

      Petitioner,                      Civil Nos. 03-CV-72701/72858-DT
                                        HONORABLE ARTHUR J. TARNOW

v.

HUGH WOLFENBARGER,

      Respondent,

_____/

### OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY
### AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Michael Charles Ward, ("petitioner"), filed an emergency motion to re-open his earlier habeas case, a supplement to the motion to re-open, and a motion for judgment on the pleading. Petitioner sought enforcement of this Court's order of September 13, 2004 which granted petitioner habeas relief on his 1971 convictions for possession of marijuana, M.C.L.A. 335.153; and possession of lysergic acid diethylamide (LSD), M.C.L.A. 335.341(4)(c) and ordered that these two convictions be expunged from his record. On March 29, 2007, this Court denied petitioner's motions to re-open the case and for summary judgment. This Court subsequently denied petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis*.

Petitioner subsequently filed an emergency "ex parte" motion to show cause the respondents why they should not be held in contempt of court and a related justified motion for an opinion and order finding respondent's agent to be in contempt of court, in which he again sought enforcement of the conditional writ of habeas corpus. On April

1

18, 2008, this Court denied petitioner's ex parte motion to show cause and justified

motion for opinion and order finding respondent's agent in contempt of court. On March

12, 2010, this Court denied petitioner's motion for reconsideration of that decision.

On August 17, 2009, the Sixth Circuit affirmed this Court's decision denying

petitioner permission to reopen his habeas petition. *See Ward v. Wolfenbarger,* 342

Fed. Appx. 134 (6th Cir. 2009); *cert. den.* 130 S. Ct. 1291 (2010).

Petitioner subsequently filed another motion to re-open the petition for writ of

habeas corpus, a motion for reconsideration of the Court's March 12, 2010 order

denying his earlier motion for reconsideration, a motion to be returned to a prison

located in the United States District Court for the Eastern District of Michigan, and a

motion for bond reduction. On September 20, 2010, this Court denied the motions.

*Ward v. Wolfenbarger*, No. 2010 WL 3733984 (E.D. Mich.

September 20, 2010).

Petitioner subsequently filed two notices of appeal from his consolidated habeas

case. *See* U.S.C.A. Nos. 10-2287/2313 (6th Cir.). This Court has now received two

letters from the United States Court of Appeals for the Sixth Circuit, requesting a ruling

on a certificate of appealability.

Although petitioner has not filed a motion for a certificate of appealability,

petitioner has filed a notice of appeal, which this Court can construe as a request for a

certificate of appealability. *See Luberda v. Trippett,* 211 F. 3d 1004, 1006 (6th Cir. 2000);

*Hilliard v. United States*, 157 F. 3d 444, 447 (6th Cir. 1998).

*Ward v. Wolfenbarger,* U.S.D.C. Nos. 03-72701/72858

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(A).  In order to issue a certificate of appealability, the district court must find that the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

The Court denied petitioner's latest motion to reopen his habeas petition because he had again failed to show that respondent had not complied with the Court's order that petitioner's 1971 convictions be expunged from the records.  The Court specifically noted that petitioner had offered "nothing other than speculation" that the Michigan Parole Board took into account the vacated 1971 convictions in a way that prejudiced his ability to be released on parole and that the only proof that he offered in support of his motion was a "self-serving affidavit."

The certificate of appealability requirement applies to an appeal from the denial of a motion which seeks to reopen a habeas case. *See U.S. v. Lambros,* 404 F. 3d 1034, 1036 (8th Cir. 2005).  The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable that this Court should have issued an absolute or unconditional writ of habeas corpus. *See e.g. James v. Moore, No.* 2008 WL 4185969, * 2 (S.D.Ohio September 3, 2008).

3

The Court denied petitioner's motion for reconsideration because petitioner merely presented issues which had already been ruled upon by this Court when the Court denied petitioner's prior motion for reconsideration from the denial of his ex parte motion to show cause and his justified motion for opinion and order finding respondent's agent in contempt of court.

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 Fed. Appx. 480, 486 (6th Cir. 2008)(issue of whether district court abused its discretion in denying defendant's motion for reconsideration was not the issue he was granted authority to appeal by district court in certificate of appealability, thus rendering Court of Appeals without authority to reach the merits of claim challenging calculation of time period for filing motion for reconsideration). This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable.

Petitioner also filed a motion to be transferred back to a prison that is located in the Eastern District of Michigan. The Court denied the motion to transfer, because petitioner failed to show that his transfer to a prison in the Western District of Michigan deprived this Court of jurisdiction over his case or otherwise prejudiced him. The Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of this motion to be debatable.

Finally, this Court denied petitioner's motion for bond reduction, because petitioner failed to establish that he would prevail on the merits of his claims. The Sixth

4

Circuit Court of Appeals has not yet addressed whether a certificate of appealability is required for an appeal from the denial of a habeas petitioner's motion for release on bond. *See Lordi v. Ishee*, 22 Fed. Appx. 585, 586 (6th Cir. 2001). However, the Sixth Circuit Court of Appeals has addressed the issue in the context of a certificate of probable cause and held that "a certificate of probable cause is a prerequisite to appealing the denial of a bail motion in a habeas proceeding." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). The rule concerning certificates of appealability is essentially the same as the rule governing certificates of probable cause. *See Sims v. U.S.*, 244 F. 3d 509 (6th Cir. 2001). This Court, therefore, will assume a certificate of appealability is a necessary prerequisite to the filing of an appeal from the denial of a habeas petitioner's motion for release on bond. *See Wingo v. U.S.,* 341 Fed. Appx. 132, 138-39 (6th Cir. 2009); *cert. den.* 130 S.Ct. 1160 (2010)(Moore, J., dissenting)(Sixth Circuit lacked jurisdiction over appeal from the district court's denial of bond pending appeal of the denial of a motion to vacate sentence when no certificate of appealability granted on that issue).

The Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's denial of his bond motion to be debatable.

Although this Court has denied a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional

5

right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

**ORDER**

Based upon the foregoing, IT IS ORDERED that the motion for a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner will be granted leave to appeal *in forma pauperis.*

S/Arthur J. Tarnow
Arthur J. Tarnow
Dated: December 28, 2010       Senior United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 28, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

6