**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL CHARLES WARD,

      Petitioner,                          Civil Nos. 03-CV-72701/72858-DT
                                           HONORABLE ARTHUR J. TARNOW
v.                                      UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

      Respondent,
_____/

**OPINION AND ORDER REQUIRING RESPONDENT TO FILE AN ANSWER TO**
**PETITIONER'S RENEWED REQUEST FOR ENFORCEMENT OF THE WRIT OF**
**HABEAS CORPUS**

    Michael Charles Ward, ("petitioner"), presently confined at the Carson City

Correctional Facility in Carson City, Michigan, seeks the enforcement of this Court's

2004 order which granted petitioner habeas relief on his 1971 convictions for

possession of marijuana, M.C.L.A. 335.153; and possession of lysergic acid

diethylamide (LSD), M.C.L.A. 335.341(4)(c) and ordered that these two convictions be

expunged from his record.  For the reasons stated below, the Court will order

respondent to file an answer within thirty days of this order regarding petitioner's latest

allegation that the State of Michigan has failed to  comply with the Court's order.

**I.  Background**

    This Court originally granted a writ of habeas corpus to petitioner, on the ground

that he had been deprived of his right to appeal and his Sixth Amendment right to

appellate counsel on his 1971 convictions, because of the state trial court's failure to

1

*Ward v. Wolfenbarger,* 03-72701/72858

advise petitioner that he had a right to appeal these convictions and that he had a right to the appointment of appellate counsel if he was indigent. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich. 2004). The Court conditioned the granting of the writ upon respondent taking immediate action to afford petitioner an appeal of right to the Michigan Court of Appeals with the assistance of appellate counsel. *Id.*

On September 14, 2004, the Court granted petitioner's motion for reconsideration and ordered that an unconditional writ of habeas corpus issue in this case. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773 (E.D. Mich. 2004). In granting the motion for reconsideration, this Court believed that it erred in granting a conditional writ of habeas corpus, rather than an unconditional writ of habeas corpus, in light of the prejudice that petitioner would have received from any further delays in adjudicating his claims in the state appellate courts. The Court noted that petitioner had been deprived of his Sixth Amendment right to the assistance of counsel on appeal when he was not advised on the record by the state trial court of his right to appeal or his right to the appointment of appellate counsel. Thirty three years have elapsed since the time of petitioner's conviction. Because of this substantial delay, this Court determined that there was no way that affording petitioner a new appeal of right with the Michigan Court of Appeals would vitiate any prejudice arising from the denial of petitioner's right to appeal his 1971 convictions. *Id.* at 775-76.

Because petitioner's sentences on his 1971 convictions had expired, the Court declined to order his release from incarceration on these convictions. Instead, the Court determined that petitioner was entitled to have these 1971 convictions and all of

2

*Ward v. Wolfenbarger,* 03-72701/72858

the effects stemming from them expunged from his record. *Ward,* 340 F. Supp. 2d at

776-77.   The Court vacated the judgment of conviction against petitioner for the

offenses of possession of LSD and possession of marijuana from the Huron County

Circuit Court from January 20, 1971 and ordered that the record of conviction be

expunged. *Id.*  The Court further ordered the Clerk of the Circuit Court of Huron County,

Michigan to forward a copy of this Court's order to any person or agency that was

notified of petitioner's arrest or conviction involved with these offenses. *Id.*

Petitioner subsequently filed an emergency motion to re-open his earlier habeas

case, a supplement to the motion to re-open, and a motion for judgment on the

pleading, in which he sought enforcement of this Court's 2004 order.  On March 29,

2007, this Court denied petitioner's motions to re-open the case and for summary

judgment.  On October 23, 2007, this Court denied petitioner's motion for

reconsideration.  On December 7, 2007, the Court denied petitioner a certificate of

appealability but granted him leave to appeal *in forma pauperis.*  On December 27,

2007, this Court denied petitioner's motion for reconsideration of the Court's order

denying him a certificate of appealability.

Petitioner subsequently filed an emergency "ex parte" motion to show cause the

respondents why they should not be held in contempt of court and a related justified

motion for an opinion and order finding respondent's agent to be in contempt of court, in

which he again sought enforcement of this Court's 2004.  On April 18, 2008, this Court

denied petitioner's ex parte motion to show cause and justified motion for opinion and

3

*Ward v. Wolfenbarger,* 03-72701/72858

order finding respondent's agent in contempt of court.  On March 12, 2010, this Court denied petitioner's motion for reconsideration of that decision.

On August 17, 2009, the Sixth Circuit affirmed this Court's decision denying petitioner permission to re-open his habeas petition. *See Ward v. Wolfenbarger,* 342 Fed. Appx. 134 (6th Cir. 2009); *cert. den.* 130 S. Ct. 1291 (2010).                    Petitioner filed another motion to re-open the petition for writ of habeas corpus, in which he yet again sought the issuance of an unconditional writ of habeas corpus, based upon respondent's alleged failure to comply with the Court's conditional writ.  Petitioner also filed a motion for reconsideration of the Court's March 12, 2010 order denying his earlier motion for reconsideration.  On September 20, 2010, this Court denied the motions. *Ward v. Wolfenbarger*, No. 2010 WL 3733984 (E.D. Mich. September 20, 2010).

Petitioner subsequently filed two notices of appeal from his consolidated habeas case. *See* U.S.C.A. Nos. 10-2287/2313 (6th Cir.).  On December 28, 2010, this Court denied petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis*.

On August 9, 2011, this Court again denied petitioner's renewed motion to re-open the case and his motion for reconsideration.

On October 28, 2011, the United States Court of Appeals for the Sixth Circuit remanded petitioner's case to this Court to reconsider its earlier denial of a certificate of appealability in light of a letter from petitioner dated September 22, 2011 and an attached Basic Information Sheet, in which petitioner again claims that the Michigan

4

*Ward v. Wolfenbarger,* 03-72701/72858

Department of Corrections [M.D.O.C.] is still using the 1971 convictions that this Court had ordered expunged to deny petitioner parole release. [See this Court's Dkt. # 123].

## II.  Discussion

A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.,* 53 F. 32d 859, 861 (7th Cir. 1995).  When the state fails to cure the error, i.e., when it fails to comply with the conditions of grant of conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *See Satterlee v. Wolfenbarger,* 453 F. 3d 362, 369 (6th Cir. 2006).  "[T]he conditional nature of the writ also places within the district court the power to determine that its order has been substantially complied with and release is not warranted." *Ward,* 342 Fed. Appx. at 137 (*quoting McKitrick v. Jeffreys*, 255 Fed.Appx. 74, 76 (6th Cir. 2007)).

In light of the remand order from the Sixth Circuit, this Court orders respondent to file an answer within thirty days of this order addressing petitioner's allegation that the M.D.O.C has failed to comply with this Court's prior order that petitioner's 1971 convictions be expunged from his prison record.

## III.  ORDER

**IT IS HEREBY ORDERED THAT Respondent is to file an answer within thirty (30) days of this order concerning whether the State of Michigan has fully complied with the Court's order directing the expungement of 1971 convictions**

5

*Ward v. Wolfenbarger,* 03-72701/72858

**for Possession of LSD and Possession of Marijuana from petitioner's records,**

**and if they have not done so, to offer an explantion for their non-compliance.**


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: November 2, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 2, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary