**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL CHARLES WARD,

       Petitioner,                    Civil Nos. 03-CV-72701/72858-DT
                                        HONORABLE ARTHUR J. TARNOW
v.                                     UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

       Respondent,
_____/

**OPINION AND ORDER ON REMAND GRANTING PETITIONER'S MOTION FOR A**
**CERTIFICATE OF APPEALABILITY, GRANTING PETITIONER'S MOTIONS TO FILE**
**SUPPLEMENTAL PLEADINGS, AND DENYING PETITIONER'S MOTIONS FOR**
**JUDGMENT ON THE PLEADINGS AND TO STRIKE THE AFFIDAVIT**

This matter is on remand from the United States Court of Appeals for the Sixth

Circuit for the Court to reconsider its earlier denial of a certificate of appealability. For

the reasons that follow, the Court will grant petitioner's motion for certificate of

appealability. The Court will further grant petitioner's various motions to file

supplemental pleadings. The Court will deny petitioner's motions for judgment on the

pleadings and to strike the affidavit.

## I. Background

This Court granted a writ of habeas corpus to petitioner, on the ground that he

had been deprived of his right to appeal and his Sixth Amendment right to appellate

counsel on his 1971 convictions for possession of marijuana and possession of lysergic

acid diethylamide. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich.

2004). The writ was conditioned upon respondent affording petitioner an appeal of right

to the Michigan Court of Appeals with the assistance of appellate counsel. *Id.*

1

*Ward v. Wolfenbarger,* 03-72701/72858

The Court subsequently granted petitioner's motion for reconsideration and ordered that an unconditional writ of habeas corpus issue in this case. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773 (E.D. Mich. 2004). Because petitioner's sentences on his 1971 convictions had expired, the Court declined to order his release from incarceration on these convictions. Instead, the Court determined that petitioner was entitled to have these 1971 convictions and all of the effects stemming from them expunged from his record. *Ward,* 340 F. Supp. 2d at 776-77. The Court vacated the judgment of conviction against petitioner for the offenses and ordered that the record of conviction be expunged. *Id.*

Petitioner subsequently filed an emergency motion to re-open his earlier habeas case, a supplement to the motion to re-open, and a motion for judgment on the pleading, in which he sought enforcement of this Court's 2004 order. On March 29, 2007, this Court denied petitioner's motions to re-open the case and for summary judgment. On October 23, 2007, this Court denied petitioner's motion for reconsideration. On December 7, 2007, the Court denied petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis.* On December 27, 2007, this Court denied petitioner's motion for reconsideration of the Court's order denying him a certificate of appealability.

Petitioner subsequently filed an emergency "ex parte" motion to show cause the respondents why they should not be held in contempt of court and a related justified motion for an opinion and order finding respondent's agent to be in contempt of court, in which he again sought enforcement of this Court's 2004 order. On April 18, 2008, this

2

*Ward v. Wolfenbarger,* 03-72701/72858

Court denied petitioner's ex parte motion to show cause and justified motion for opinion and order finding respondent's agent in contempt of court.  On March 12, 2010, this Court denied petitioner's motion for reconsideration of that decision.

On August 17, 2009, the Sixth Circuit affirmed this Court's decision denying petitioner permission to re-open his habeas petition. *See Ward v. Wolfenbarger,* 342 Fed. Appx. 134 (6th Cir. 2009)(Sutton, J. concurring); *cert. den.* 130 S. Ct. 1291 (2010).

Petitioner filed another motion to re-open the petition for writ of habeas corpus, in which he yet again sought the issuance of an unconditional writ of habeas corpus, based upon respondent's alleged failure to comply with the Court's conditional writ. Petitioner also filed a motion for reconsideration of the Court's March 12, 2010 order denying his earlier motion for reconsideration.  On September 20, 2010, this Court denied the motions. *Ward v. Wolfenbarger*, No. 2010 WL 3733984 (E.D. Mich. September 20, 2010).

Petitioner subsequently filed two notices of appeal from his consolidated habeas case. *See* U.S.C.A. Nos. 10-2287/2313 (6th Cir.).  On December 28, 2010, this Court denied petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis*.

On August 9, 2011, this Court again denied petitioner's renewed motion to re-open the case and his motion for reconsideration.

On October 28, 2011, the United States Court of Appeals for the Sixth Circuit remanded petitioner's case to this Court to reconsider its earlier denial of a certificate of appealability in light of a letter from petitioner dated September 22, 2011 and an

3

*Ward v. Wolfenbarger,* 03-72701/72858

attached Basic Information Sheet, in which petitioner again claims that the Michigan
Department of Corrections [M.D.O.C.] is still using the 1971 convictions that this Court
had ordered expunged to deny petitioner parole release.

     This Court subsequently ordered respondent to file an answer to petitioner's
various pleadings.

     Petitioner has now filed a motion for certificate of appealability, several motions
to file supplemental pleadings, a motion for judgment on the pleadings, and a motion to
strike the affidavit.

     28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the
district court's denial of a writ of habeas corpus may not be taken unless a certificate of
appealability (COA) is issued either by a circuit court or district court judge.  If an appeal
is taken by an applicant for a writ of habeas corpus, the district court judge shall either
issue a certificate of appealability or state the reasons why a certificate of appealability
shall not issue. F.R.A.P. 22(b).  A district court is to set forth in its order all of the issues
that the petitioner raised in the habeas action and identify those issues, if any, that the
district court is certifying for appeal. *In Re Certificates of Appealability*, 106 F. 3d 1306,
1307 (6th Cir. 1997).

     In order to obtain a certificate of appealability, a prisoner must make a substantial
showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate
this denial, the applicant is required to show that reasonable jurists could debate
whether, or agree that, the petition should have been resolved in a different manner, or
that the issues presented were adequate to deserve encouragement to proceed further.

4

*Ward v. Wolfenbarger,* 03-72701/72858

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

In order to obtain a certificate of appealability, a habeas petitioner need not show that his or her appeal will succeed. *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003).  The Supreme Court's holding in *Slack v. McDaniel* "would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail.  It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Id.*  A habeas petitioner is not required to prove, before obtaining a COA, that some jurists would grant the petition for habeas corpus. *Id.* at 338.  "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail". *Id.*

This Court believes that it was correct in finding that the respondent had complied with its original order of expungement.  Nonetheless, this Court will reconsider its earlier order and will grant petitioner's motion for a certificate of appealability. Petitioner has shown through his various pleadings that jurists of reason could find this Court's ruling debatable.  First, although the Sixth Circuit affirmed this Court's decision to deny petitioner permission to re-open his habeas petition, *Ward v. Wolfenbarger,* 342 Fed. Appx. 134 (6th Cir. 2009), Judge Sutton in his concurring opinion made the following remarks:

5

*Ward v. Wolfenbarger,* 03-72701/72858

I join Judge Martin's opinion in full because, as he correctly observes, the remaining references to Ward's expunged convictions have not harmed his appeals to the parole board. I write separately merely to note that the Michigan Department of Corrections could have saved itself a lot of trouble by eliminating those references in the first place or perhaps by developing a better procedure for ensuring such references are removed. I understand that the Department operates on a tight budget, and I am "not insensitive to the challenges faced" by the Department in "attempting to separate, when it comes to prisoner suits, not so much wheat from chaff as needles from haystacks." *Jones v. Bock*, 549 U.S. 199, 224, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). But Ward's suit is not frivolous. He lost on the merits not because he and his attorneys failed to show problems with the Department's expungement of his conviction but because he has not shown that its mistakes harmed his case before the parole board. With a different prisoner and a different fact pattern, stray references to an expunged conviction might well affect a parole case in a cognizable way.

*Ward,* 342 Fed. Appx. At 138 (Sutton, J., concurring).

Secondly, this Court notes that petitioner filed a separate habeas petition, in which he challenged among other things, the Michigan Parole Board's decision to deny him parole on his 1981 conviction for possession with intent to deliver 650 or more grams of cocaine. As part of his claim, petitioner alleged that the Parole Board was using his expunged 1971 convictions to deny him parole. Although Judge Lawson denied petitioner habeas relief, *See Ward v. Howes,* U.S.D.C. No. 08-13501, Opinion and Order Granting Petitioner's Motion to Supplement Habeas Petition and Denying Petition for Writ of Habeas Corpus as Supplemented, * 26-27 (E.D. Mich. September 29, 2011)(Lawson, J.), Judge Lawson subsequently granted petitioner a certificate of appealability on this claim, finding that jurists of reason could find it debatable "whether the state's continued reference to those [the 1971] convictions in the Michigan

*Ward v. Wolfenbarger,* 03-72701/72858

Department of Correction's papers harmed the petitioner's case before the Parole Board."

*See Ward v. Howes,* U.S.D.C. No. 08-13501, Opinion and Order Granting in Part and Denying in Part Certificate of Appealability, * 2-3 (E.D. Mich. September 29, 2011)(Lawson, J.).

Lastly, respondent has recently filed an affidavit from Linda C. Wittman, the Manager of the Litigation Section of the Office of Legal Affairs for the Michigan Department of Corrections, dated June 18, 2012. In the affidavit, Ms. Wittman acknowledges that petitioner's 1971 convictions have continued to appear, albeit inadvertently, on the Basic Information Sheet or "Verifications of Incarceration" form that petitioner had previously submitted to this Court. Although Ms. Wittman insists in her affidavit that this information is not being used or considered by the Michigan Parole Board, her affidavit nonetheless raises a question about whether the Parole Board had access to the expunged convictions and used them to deny petitioner parole.

As this Court has previously indicated: "[T]he Court's ego tells it that all reasonable jurists would agree with its resolution of the issues raised by Petitioner. The Court's experience, however, is to the contrary. Thus, the Court's belief in the correctness of its decision should not insulate that decision from further review." *Hargrave v. McKee,* 2005 WL 1028183, * 1 (E.D. Mich. April 25, 2005)(citing *Taylor v. Howes*, 26 Fed. Appx. 397, 399 (6th Cir.2001)). "[B]ecause the Court is not infallible and does not believe that its decision should be insulated from further review," *Id.,* in light of Judge Sutton's concurring opinion in petitioner's prior appeal, Judge Lawson's decision

7

*Ward v. Wolfenbarger,* 03-72701/72858

to grant petitioner a certificate of appealability on his related claim in his habeas petition before Judge Lawson, and Ms. Wittman's affidavit, the Court finds that reasonable jurists could find it  debatable whether petitioner has made a substantial showing of the denial of a constitutional right.  Accordingly, the Court will grant petitioner a certificate of appealability on his claim that respondent has failed to comply with the terms of this Court's original unconditional writ.

The Court will also grant petitioner's motions to file supplemental pleadings because these pleadings offer either evidence or legal arguments in support of his claims.

Petitioner has also filed a motion for judgment on the pleadings, in which he asks the Court to grant a judgment on the basis of these various pleadings and issue an unconditional writ.  Petitioner's appeal remains pending before the Sixth Circuit.  It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Because petitioner has filed a notice of appeal, this Court lacks jurisdiction to amend its original opinion and order to consider the merits of petitioner's case. *Id.* at 167-68.  In light of the fact that a notice of appeal has been filed, this Court likewise does not have the authority to re-open petitioner's habeas case. *See Jones v. Kolb,* 83 Fed. Appx. 779, 781 (6th Cir. 2003).

The Court will lastly deny the motion to strike Ms. Wittman's affidavit because the Court has relied in part on the affidavit to grant petitioner a certificate of appealability.

8

2:03-cv-72858-AJT   Doc # 111   Filed 09/11/12   Pg 9 of 9   Pg ID 1618

*Ward v. Wolfenbarger,* 03-72701/72858

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that the motion for a certificate of appealability [Dkt. # 124 in Case # 03-72701, Dkt. # 86 in Case # 03-72858] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's various motions to file supplemental pleadings [Dkt. ## 126, 142, 143, 147, 148, 152 in Case # 03-72701, Dkt. ## 87, 94, 98, 106, 107, 108 in Case # 03-72858] are **GRANTED.**

**IT IS FURTHER ORDERED** that the motion for judgment on the pleadings [Dkt. # 150 in Case # 03-72701, Dkt. # 100 in Case # 03-72858] is **DENIED.**

**IT IS FURTHER ORDERED** that the motion to strike the affidavit [Dkt. # 154 in Case # 03-72701, Dkt. # 110 in Case # 03-72858] is **DENIED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 11, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 11, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant