**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL CHARLES WARD,

      Petitioner,                     Civil Nos. 03-CV-72858-DT
                                             HONORABLE ARTHUR J. TARNOW
v.                                 UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

      Respondent,

_____/

## <u>OPINION AND ORDER DENYING THE EMERGENCY MOTION FOR PROTECTIVE ORDER [Dkt. # 122], THE MOTION TO FACILITATE DISCOVERY [Dkt. # 124], AND THE MOTION FOR ADDITIONAL LIBRARY TIME [Dkt. # 126].</u>

Michael Charles Ward, ("petitioner"), filed an emergency motion for a protective order, a motion to facilitate discovery, and a motion for additional library time. For the reasons stated below, the motions are DENIED.

In his first motion, which was filed while petitioner was incarcerated at the Bellamy Creek Correctional Facility, petitioner asked this Court to issue an order preventing the prison authorities from transferring him to another prison. In all of his motions, petitioner claims that prison officials either at the Bellamy Creek Facility or at the Oaks Correctional Facility where petitioner is currently incarcerated, have denied him access to the courts, either by refusing to copy his various pleadings or by denying him sufficient time in the law library.

Fed. R.App. P. 23(a) states:

"Transfer of Custody Pending Review.  Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule.  When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party."

Relief for a violation of Fed.R.App. P. 23(a) is available only if a habeas petitioner establishes that a transfer resulted in prejudice to the prosecution of a pending habeas action. *See Shabazz v. Carroll*, 814 F. 2d 1321, 1324 (9th Cir. 1987), *vacated in part on other grounds*, 833 F. 2d 149 (9th Cir. 1987); *Hammer v. Meachum*, 691 F. 2d 958, 961 (10th Cir. 1982).  Moreover, a habeas petitioner who opposes a prison transfer must establish that "the transfer would deprive the court of jurisdiction or substantially complicate the conduct of the litigation." *See Strachan v. Army Clemency Parole Bd.,* 151 F. 3d 1308, 1313 (10th Cir. 1998)(*quoting Ward v. United States Parole Comm'n*, 804 F. 2d 64, 66 (7th Cir. 1986)).

Petitioner failed to show that his transfer to a prison in the Western District of Michigan deprived this Court of jurisdiction over his case or otherwise prejudiced him, thus, to the extent that petitioner seeks or sought to avoid transfer to another prison, his motion for a protective order is denied.

The Court also denies petitioner's motions insofar as he claims he is being denied access to the courts or access to library time.

2

On July 18, 2014, the Court appointed counsel to represent petitioner. Counsel is planning on filing a supplemental brief on petitioner's behalf by July 27, 2015.  Because petitioner is represented by counsel, he cannot complain that his access to the courts is being denied.  The Sixth Circuit has held that "[a] prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts,* 702 F. 2d 639, 640 (6th Cir. 1983).  As long as legal counsel has been provided to assist a prisoner with his case, the state has fulfilled its obligation to provide a prisoner with access to the courts. *Id.* In addition, as long as a prisoner has the assistance of counsel, the denial of law library privileges to that prisoner does not violate due process or impair his access to the courts. *See United States v. Manthey,* 92 Fed. Appx. 291, 297 (6th Cir. 2004); *Skelton v. Pri-Cor, Inc.*, 963 F. 2d 100, 104 (6th Cir. 1991); *Holt,* 702 F. 2d at 640; *See also Thompson v. Elo,* 919 F. Supp. 1077, 1084 (E.D. Mich. 1996)(habeas petitioner's alleged lack of access to legal resources due to inadequate law libraries in prison did not provide cause for procedural default, in light of fact that petitioner was represented by counsel at trial and on direct appeal).

Finally, petitioner's discovery request is premature because neither petitioner's counsel nor respondent have filed their briefs in this case.  "A habeas

3

petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.  To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09.

Until a respondent files an answer to the habeas petition, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White,* No. 2007 WL 2752372, * 3 (E.D. Mich. September 21, 2007).  In addition, none of the Rule 5 materials have been received by the Court; "and receipt of those materials may obviate the need to order discovery." *Shaw,* No. 2007 WL 2752372, at * 3.  Granting petitioner's discovery request at this time would be premature.  Therefore, the motion for discovery will be denied without prejudice. *Id.*

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion for an

4

emergency protective order, [Dkt. # 122], a motion to facilitate discovery [Dkt. # 124], and the motion for additional law library time [Dkt. # 126] are **DENIED.**


s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
UNITED STATES DISTRICT COURT

DATED: July 23, 2015