UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

Petitioner,                                    Civil Nos. 03-CV-72701/72858-DT
                                               HONORABLE ARTHUR J. TARNOW
v.                                             UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,
Respondent,

_____/

**OPINION AND ORDER GRANTING THE MOTION FOR DISCOVERY AND
DENYING THE MOTION TO TRANSFER PETITIONER**

On July 14, 2014, this case was remanded by the United States Court of Appeals from the Sixth Circuit for a determination of whether petitioner's 1971 convictions, which this Court had ordered expunged, were still being used by the Michigan Department of Corrections (M.D.O.C.) to classify petitioner and to determine his parole eligibility on his 1981 conviction. On July 18, 2014, the Federal Defender Office was appointed to represent petitioner and briefing deadlines were set.

Petitioner's counsel filed a motion for an order compelling the production of parole board documents. Petitioner also requests that petitioner be transferred from the Oaks Correctional Facility to a facility closer to his counsel in Detroit, Michigan. For the reasons that follow, the motion for discovery is granted. The

*Ward v. Wolfenbarger,* No. 03-72701/03-72858 motion for a transfer order is denied without prejudice. [1]

Petitioner requests an order from the Court requiring the M.D.O.C. to turn over all parole board and other correctional records pertaining to petitioner so that counsel can determine whether petitioner's expunged 1971 convictions are being used to either classify petitioner or determine his parole eligibility. On November 13, 2015, petitioner's counsel received 6,632 pages of material from the M.D.O.C. The M.D.O.C., however, refused to turn over certain documents which they claim are exempt from disclosure under Michigan law.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 266 F. 3d 442,

---

[1] Petitioner also requested an extension of time to file a supplemental brief, which the respondent did not oppose. This Court granted the parties an extension of time in a separate order on November 24, 2015.

*Ward v. Wolfenbarger,* No. 03-72701/03-72858 460 (6th Cir. 2001).

A federal district court may permit discovery in a habeas case if the petitioner presents specific allegations which give the court reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate. *See Johnson v. Mitchell,* 585 F.3d 923, 934 (6th Cir. 2009); *See also Lott v. Coyle,* 261 F.3d 594, 602 (6th Cir. 2001). However, Rule 6 of the Habeas Rules does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley*, 380 F. 3d 932, 974 (6th Cir. 2004)(internal quotation omitted). A habeas petitioner's conclusory allegations are insufficient to warrant discovery under Rule 6. *Id.* Instead, the petitioner must set forth specific allegations of fact. *Id.*

To the extent that petitioner's motion requests the information that he has already received, the Court denies it as moot because the M.D.O.C. has complied with this portion of his discovery request. *See e.g. Al-Qahtani v. Obama*, 604 F. Supp. 2d 101, 103 (D.D.C. 2009). The M.D.O.C., however, refused to turn over certain information which they claim is exempt under state law from disclosure. These documents, however, may contain information that establishes whether or not the M.D.O.C. has complied with this Court's order to expunge petitioner's 1971 convictions. Because this information may contain relevant information for this Court to fully adjudicate petitioner's claim, the Court

3

*Ward v. Wolfenbarger,* No. 03-72701/03-72858 orders respondent to provide this information to petitioner within 14 days of the order. [2]

To the extent that petitioner requests an order of discovery on additional records that the M.D.O.C. has not provided or already discovered, the Court denies the request at this time because there is no showing that such additional documents exist. Although the M.D.O.C. initially estimated that petitioner's files contained 10-15,000 pages, they ultimately indicated that there were only about 6,632 pages of documents, plus the information that they claim is exempted from disclosure. Petitioner's mere speculation that the M.D.O.C. may contain additional information would not entitle him to discovery. *See Strickler v. Greene*, 527 U.S. 263, 286 (1999); *See also Lott v. Coyle,* 261 F. 3d at 604 (petitioner not entitled to discovery of police files where police department denied they had the requested documents). Petitioner is free to renew his discovery request if he later determines from a review of the discovery provided that additional records exist in the M.D.O.C. file which have not been provided.

Petitioner has also filed a motion to be transferred back to a prison that is located in the Eastern District of Michigan.

Fed. R.App. P. 23(a) states:

---

[2] Respondent, of course, is free to redact the telephone numbers, home addresses, and personnel records of all M.D.O.C. personnel from these records.

*Ward v. Wolfenbarger,* No. 03-72701/03-72858

"Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party."

Relief for a violation of Fed.R.App. P. 23(a), however, is available only if a habeas petitioner establishes that a transfer resulted in prejudice to the prosecution of a pending habeas action. *See Shabazz v. Carroll*, 814 F. 2d 1321, 1324 (9th Cir. 1987), *vacated in part on other grounds*, 833 F. 2d 149 (9th Cir. 1987); *Hammer v. Meachum*, 691 F. 2d 958, 961 (10th Cir. 1982). In addition, a habeas petitioner who opposes transfer must establish that "the transfer would deprive the court of jurisdiction or substantially complicate the conduct of the litigation." *See Strachan v. Army Clemency Parole Bd.,* 151 F. 3d 1308, 1313 (10th Cir. 1998)(*quoting Ward v. United States Parole Comm'n*, 804 F. 2d 64, 66 (7th Cir. 1986)).

The Court will deny the motion to transfer, because petitioner has failed to show that his transfer to a prison in the Western District of Michigan has deprived this Court of jurisdiction over his case or has otherwise prejudiced him. Although counsel notes that the Oaks Correctional Facility is four hours from their offices in Detroit, counsel has not shown that it would be impossible for them to make the

*Ward v. Wolfenbarger,* No. 03-72701/03-72858

trip to Manistee, Michigan to confer with petitioner or that there are not other means for them to communicate with him.  The motion is denied without prejudice to counsel re-filing the motion should the distance become a hardship.

## ORDER

Based upon the foregoing, **IT IS ORDERED** that the motion for discovery [Dkt. # 195] is **GRANTED**.  Respondent has fourteen days from the date of this order to turn over the exempted information to petitioner's counsel.

**IT IS FURTHER ORDERED** that the motion for transfer is **DENIED WITHOUT PREJUDICE.**


                            S/Arthur J. Tarnow
                            Arthur J. Tarnow
                            Senior United States District Judge

Dated: December 7, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 7, 2015, by electronic and/or ordinary mail.

                            S/Catherine A. Pickles
                            Judicial Assistant